Mario Pittoni, J.
The plaintiffs, taxpayers in School District No. 17, Town of Oyster Bay, have brought this action for a declaration that the school district referendum held on November 19, 1959 and the bond resolutions published in connection therewith are illegal.
*6 In the first cause of action the, plaintiffs contend that the referendum was illegal in that it approved the financing for the moving of existing buildings from their present locations to other locations, in violation of the Local Finance Law.
In the second cause of action the plaintiffs contend that the issuance of bonds for the financing of the construction of additions to certain class “ C ” buildings was for a period in excess of that permitted by the Local Finance Law.
As for the first cause of action, both parties state and agree that the hub or jugular vein is the question whether 50 portable schoolroom units, which are to be moved from 7 different elementary schools to a junior and a senior high school, remain the same buildings or become new and different buildings. If they remain the same buildings the law will be violated. If they become or form new buildings in the two new locations the law will be complied with.
The 50 portable classroom units are now distributed among 7 elementary schools and are attached to their permanent buildings in various combinations from 4 to 12 units. At each of these elementary school locations the units were previously placed on permanent foundations, corridors and corridor roofing’ were added to the combinations and various kinds of toilet, heating, lighting and sewerage facilities were added to the classroom combinations.
When the 50 classroom units are moved, 24 will be attached to the junior high school building and 26 to the senior high school building. Before these classroom units can be placed in their new locations new foundations must be excavated and built, and new floor bases and footings must be laid; and after these units have been placed upon the foundations, corridors and corridor roofs must be built to make these combinations useful. Furthermore, different heating plants and different plumbing, electrical and lighting facilities must be installed and supplied. Different toilet and sewerage facilities must also be added. Then too, the 24 units which are to be attached to the junior high school building and the 26 units which are to be attached to the senior high school building will be in combinations and shapes entirely separate, different and distinct from their previous combinations and shapes when attached to the elementary schools.
It is interesting to note that one of the plaintiffs, who testified as an expert architect, stated that “A building is a structure consisting of enclosing walls and roof which serves a useful function and purpose.” It cannot be said, with practicality and reasonableness, that each of these units, individually and with *7 out the prior described additions, connections, placements and labor, could serve the ‘1 useful function and purpose” of a school.
- An analysis of the facts herein leads to one conclusion. When the units become attached to the junior and senior high schools they will be new, separate and distinct buildings and will not remain the old, previous buildings. Therefore, the referendum did comply in this respect with the Local Finance Law.
As for the second cause of action, the parties stipulated that “ Bonds proposed to be sold for temporary additions will mature within period of probable usefulness of original structures in which classroom units were first incorporated.” In addition, the plaintiffs have failed to give any evidence to establish that the bonds sold for the proposed new projects would exceed the probable usefulness of the buildings involved. Therefore, they have failed to sustain their burden of proof on this issue. The complaint is dismissed.